UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 09-4015 |
| | ) | |
| Henry County, Illinois, | ) | |
| Defendant | ) | |

**ORDER**

Now before the Court is Plaintiff's Motion to Compel (#13). The motion is fully briefed and I have carefully considered the arguments of the parties. For the following reasons, the motion is granted in part, as stated herein.

**BACKGROUND**

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, as amended, alleging that Defendant did not take reasonable steps to prevent and correct workplace sexual harassment of one of its employees, Michele Baze, by her supervisor, Jack Anderson. Anderson was Baze's direct supervisor, and he reported directly to the Sheriff of Henry County, Gib Cady. The complaint alleges - and Defendant admits - that Baze made a complaint about Anderson's harassment to the County's Administrator and EEO Officer. Following an investigation, Anderson's employment was terminated.

According to the complaint, the statutory violation resulted from the fact that Henry County knew that Anderson had previously engaged in harassment of another female employee, Jennifer Richardson. Richardson, according to the complaint, had complained about the harassment to Lt. Jim Padilla, a senior investigator with the Henry County Sheriff's Department, and Steve Dooley, a Captain in the Sheriff's Department. Through those officers, the Sheriff became aware of the complaint. Despite

that knowledge, no action was taken to discipline Anderson or to prevent further harassment of Richardson, who subsequently resigned due to the continuing harassment. Henry County's allowing Anderson to continue in his supervisory position, with no meaningful discipline or corrective action, is allegedly what allowed the later harassment of Baze to occur.

In the Answer filed in this case (Doc. #7), Defendant denies the allegations regarding the incident involving Richardson and raises an Ellerth/Faragher affirmative defense[1] as to the incident involving Baze. Its denial of the factual allegations relating to the first incident is based at least in part on its assertion that the Richardson incident was properly investigated and resolved by Lt. Padilla.[2]

At issue in the pending motion to compel is request number 16 in Plaintiff's Second Request for Document Production. The parties have made a good faith but ultimately unsuccessful effort to resolve their dispute about whether this request is relevant and whether it falls within the proper scope of discovery. The Request reads:

> Produce all investigative reports, memoranda or other similar documents written by Lt. Jim Padilla on behalf of Henry County Sheriff's Department and relating to investigations he conducted or supervised regarding allegations or instances of assault, sexual assault, domestic violence and child abuse for the period of January 1, 2002 to the present.

**RULE 26**

---

[1] An Ellerth/Faragher affirmative defense requires a defendant to show that it (1) exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. McPherson v. City of Waukegan, 379 F.3d 430, 439 (7th Cir. 2004), citing Burlington Indus. Inc. v. Ellerth, 524 U.S. 742, 765 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).

[2] Padilla's investigative report of that incident has been produced and is not part of the substance of the pending motion.

The Federal Rules define the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things..." Fed.R.Civ.P. 26(b)(1). That Rule goes on to provide that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

There are exceptions to the scope defined in Rule 26(b)(1). As pertinent to this discussion, discovery that may be allowable under that definition may be barred by the court if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii).

A party receiving a request for production of documents may raise objections to any part of a request. Fed.R.Civ.P. 34(b). Upon receipt of such objections, the requesting party may move for an order compelling disclosure. Fed.R.Civ.P. 37(a)(3)(B)(iv).

## DISCUSSION

Defendant first argues that Lt. Padilla's investigations into unrelated crimes would not lead to discovery of any relevant evidence. According to Defendant, the Ellerth/Faragher defense does not "contemplate an inquiry into the effectiveness of policy as applied to other employees;" it only requires the existence of a reasonable policy and a showing that "the individual plaintiff in the present case failed to follow its procedures." For that proposition, Defendant cites Jordan v. R&O Aurora, Inc., - F. Supp. 2d-, No. 06C6452, 2008 WL 4812655, Oct. 28, 2008 (N.D.Ill.).

3

The Jordan case[3] provides no help in the case now before the Court. The disputed request for documents does not seek information related to Henry County's Ellerth/Faragher defense, as did the disputed discovery request in Jordan, so that court's statement about the scope of proper discovery is inapposite.

If the requested documents are relevant at all in the case now before this Court, they are relevant only to Henry County's denial of the allegations relating to Richardson's complaint. These two issues- Defendant's denial of the allegations regarding Richardson and Defendant's raising the Ellerth/Faraghe affirmative defense - are not interchangeable. Plaintiff's theory of the case is that Henry County is culpable for Anderson's harassment of Baze *even if* the County had a proper anti-harassment policy and *even if* the County promptly investigated and resolved Baze's own complaint. There is simply no way to evaluate the viability of that theory except by examining the effectiveness of Henry County's (that is, Padilla's) investigation and resolution of *Richardson*'s complaint of harassment.

It is beyond dispute that the adequacy of Padilla's first investigation is a key issue in this case. If that investigation was thorough, then Plaintiff's theory fails. If, on the other hand, it was cursory, sloppy, biased or otherwise inadequate, then it may well be reasonable to infer that Henry County looked the other way at the harassment of Richardson by Anderson, thereby putting Baze into harm's way. As Plaintiff explains its position, "a comparison of Lt. Padilla's written records of such other investigations to the one he produced in response to Richardson's complaint is obviously germane to

---

[3]The other case on which Defendant relies, Purvis v. Bd. of Educ., - F. Supp. 2d -, Case No. 06-1348, Sept. 11, 2006 (CDIL), is of no help either, simply because the facts are entirely distinguishable. In Purvis, the question was the relevance of an alleged affair the adult female plaintiff had had with an adult male, when the issue in the case was the existence of probable cause to arrest her for sexual assault on a minor. The Court's holding (see Order entered 9/11/06) - that there was no relevance as a matter of law - was highly fact specific. The question now before this Court is of an entirely different nature, and the holding in Purvis sheds no light on that question.

the veracity of Lt. Padilla's testimony, as well as to the credibility of Defendant's claim that Richardson's complaint was properly handled." (Motion p. 3-4).

Plaintiff's argument relies in large measure on Padilla's deposition testimony that he conducted the Richardson investigation the same way he would have handled any complaint, regardless of whether the complainant was an employee or a citizen. (Exh. 8 p. 80). Plaintiff is entitled to test Padilla's description of how he conducted the Richardson investigation and how his report compares to others he has prepared. Testing that description against documents is permissible discovery; there is no reason Plaintiff should have to simply take the Padilla's description at face value.

That conclusion, however, does not necessarily mean that Plaintiff is entitled to all of the documents it seeks. There are several problems with the scope of the discovery sought here. First, the request covers 8 years, much too long a period of time. Richardson's complaint was investigated in August of 2003. Examination of reports prepared around the same time as the Richardson report will be sufficient to evaluate Padilla's characterization of his investigation of Richardson's complaint. The appropriate period of time is January 1, 2003 through December 31, 2003.

Second, the report seeks production of reports relating to investigations and complaints of child abuse. Child abuse is not even remotely related in a factual sense to the claims asserted in this case, which involved only adults. Moreover, documents relating to children are usually sealed, and the burden on Defendant to obtain those records would be substantial. No reports relating to child abuse need be produced.

The other documents are sufficiently similar to justify production. Defendant shall make available for Plaintiff's inspection, within 30 days of the date of this Order, all reports of investigations into assault, sexual assault or domestic battery in which Lt. Padilla participated or which he supervised, during calendar year 2003. Plaintiff's counsel may examine - not copy - the reports that are identified

5

by the Defendant and may select a reasonable number of reports, not to exceed 25, for Defendant to copy. Defendant shall redact all names and personal identifiers from those 25 reports before they are produced. Absent further order of this Court, the only purpose to which these reports may be put is a comparison of the method of investigation and reporting used by Lt. Padilla.

The Plaintiff shall serve in writing identification of up to 25 reports for copying within 7 days after the inspection. Production of redacted copies to the Plaintiff shall be made within 14 days after identification is served.

Nothing in this Order may be construed as a ruling on admissibility. That is a question for another day.

## CONCLUSION

The motion to compel is granted in part, as stated herein. The deadlines for completion of discovery and for filing of dispositive motions are vacated.

Discovery in this case closed on December 18, and dispositive motions are due on February 1, 2010. Obviously, that schedule will be difficult if not impossible to maintain in light of the above ruling. Accordingly, this case is set for a supplemental scheduling conference, by telephone, on January 20, 2010, at 2:30 p.m. The Court will place the call. Counsel are to be prepared to present an agreed schedule for completion of discovery.

ENTERED ON January 6, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE