### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HENRY COUNTY, )<br>)<br>Defendant. ) | Case No. 09-04015 |

### ORDER

Before the Court is Plaintiff's Motion to Bifurcate [#41], in which Plaintiff essentially asks the Court to conduct the trial of this matter in two separate phases, the first phase addressing liability while the second phase would address damages if necessary. Federal Rule of Civil Procedure 42(b) provides that a court may order a separate trial of one or more separate issues or claims. FED. R. CIV. P. 42. Bifurcation is appropriate when doing so: "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000); FED. R. CIV. P. 42(b). Satisfying just one of the criteria listed in Rule 42(b) is enough for a court to order bifurcation. *Treece v. Hochstetler*, 213 F.3d 360, 365 (7th Cir. 2000) (citing *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994)).

This case presents the somewhat unusual situation in which it is a plaintiff rather than a defendant seeking bifurcation. Plaintiff argues that bifurcation would (1) avoid unfair prejudice to it by limiting irrelevant testimony and avoiding juror confusion regarding damages, and (2) promote judicial economy because there is little, if any, evidentiary overlap. Defendant contends that

bifurcation would unduly prejudice its position and would result in several witnesses being called to testify twice.

Following the Court's ruling on summary judgment, there are only three issues remaining in this case for trial: (1) whether Jack Anderson's ("Anderson") conduct was enough to constitute a hostile work environment; (2) whether Michele Baze ("Baze") unreasonably failed to take advantage of any preventative or corrective opportunities to avoid harm; and (3) what compensatory damages, if any, is Plaintiff able to recover on behalf of Baze. Defendant has disclosed that it is seeking to introduce evidence related to its conduct after Baze filed her complaint against Anderson. According to the Defendant, this evidence includes: (1) its investigation into Baze's complaint; (2) its separation of Baze and Anderson; (3) Baze's failure to complain about her reassignment; (4) its termination of Anderson; (5) its follow-up with Baze after terminating Anderson; and (6) the fact that Anderson's replacement did not harass Baze.[1]

Defendant argues that these pieces of evidence are relevant to show that Baze was not subjected to a hostile work environment and to mitigate the alleged seriousness of her injury. Plaintiff conversely asserts that any evidence of what actions Defendant took after Baze filed her complaint are irrelevant to show liability for a hostile work environment and would only be relevant, if at all, to establish compensatory damages.

In order to establish its hostile work environment claim, Plaintiff must establish that (1) Baze was subjected to unwelcome sexual conduct, advances, or requests; (2) because of her sex; (3) the acts were severe or pervasive enough to create a hostile work environment; and (4) there is basis for employer liability. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 685 (7th Cir. 2010). Plaintiff must

---

[1] While Plaintiff also argues that this information is irrelevant in the determination of damages, the Court will deal with that argument in its ruling on Motions in Limine.

then establish that a reasonable person and Baze herself believed that the harassment was sufficiently severe or pervasive enough to create a hostile work environment. *Id.* Defendant argues that, by showing its actions after Baze filed her complaint, it will establish a more complete time line for the jury to determine the pervasiveness of the harassment. The evidence will also, according to Defendant, establish whether Baze believed the harassment was sufficiently pervasive.

This Court has already issued an Order in this case finding that Defendant exercised reasonable care to prevent and promptly correct Anderson's conduct toward Baze and, thus, evidence of this fact is not relevant for determining liability. Furthermore, the issue of whether Baze subjectively believed that the harassment she endured was sufficient to establish a hostile work environment is a determination to be made at the time the harassment occurred and not afterward. Thus, the proposed evidence is not relevant to a finding for liability and would only be relevant in determining damages.

Not surprisingly, the parties disagree on the extent to which there is evidentiary overlap between the proposed liability phase and damages phase. Defendant contends that it would be forced to recall at least three of its witnesses, one of whom is traveling from Des Moines, Iowa. Defendant also argues that the damages portion of the trial is not so complicated as would require a separate hearing of the issue. Instead, Defendant states that there is only one doctor witness and that the remaining testimony regarding Baze's alleged harassment, her complaint, and Defendant's subsequent actions would be straightforward. Plaintiff asserts that the issue of compensatory damages, one of only three issues remaining in this case, will require extensive evidence unrelated to the discussion of a hostile work environment or the alleged preventative action Baze could have taken.

3

There is conceivably more factual overlap between the proposed phases than Plaintiff appears to acknowledge, but that being said, it goes without saying that a substantial presentation of evidence on damages would be avoided if there was no finding of liability in a bifurcated trial. In this respect, judicial economy would be served by bifurcation. It is also clear that under the law of this Circuit, bifurcation of the trial would prevent a substantial danger of unfair prejudice to Plaintiff by eliminating the possibility that evidence relevant only to damages will be considered by the jury in determining liability without resulting in unfair prejudice to Defendants. There is no Seventh Amendment concern posed by the possibility of inconsistent verdicts, as the same jury would hear the damages phase immediately after any finding of liability.

Weighing all of the relevant factors, the Court finds that bifurcation is appropriate under Rule 42(b). Plaintiff's Motion to Bifurcate [#41] is, therefore, GRANTED. The trial will be bifurcated into a liability phase followed immediately by a damages phase if there is a finding of liability.

ENTERED this __14th__ day of February, 2011.

    /s Michael M. Mihm
Michael M. Mihm
United States District Judge